**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| FRANCIS PAUL XAVIER,<br>Plaintiff,<br>v.<br>STATE OF ALASKA,<br>Defendant. | Case No. 3:26-cv-00332-ACP |

## STANDING ORDER FOR SELF-REPRESENTED LITIGANTS

The Clerk has received filings from self-represented litigant Francis Paul Xavier (Plaintiff), including a motion to waive the filing fee, that have been docketed and assigned a case number in the Case Management/Electronic Case Files (CM/ECF) system, as set forth above. Docketed items are the official court record. As required by federal law, the Court will review the filings and issue a Screening Order that will indicate whether this case may proceed in the federal district court. **Please note: It can take anywhere from a few weeks to a few months for the Court to issue a Screening Order, depending on how many cases are filed with the Court at any given time. Typically, cases are reviewed in the order in which they are received by the Court.**

This order is intended to provide general information about civil litigation to self-represented litigants. It is not a substitute for legal advice from an attorney. While a court may act with leniency towards a self-represented litigant, all

litigants—including attorneys and self-represented litigants—are expected to review and comply with the Federal Rules of Civil Procedure, the District of Alaska's Local Civil Rules, and all Court orders.[1]

Federal law requires a court to screen complaints filed by a self-represented litigants seeking to proceed in a lawsuit in federal court without paying the filing fee.[2] Under 28 U.S.C. § 1915, a complaint must be dismissed if the action is:

- frivolous or malicious;
- fails to state a claim on which relief may be granted; or
- seeks monetary relief from a defendant who is immune from such relief.[3]

If the Court finds the filing deficient, the Court may provide a self-represented plaintiff with a statement of the deficiencies and guidance on to how to fix them and give the plaintiff an opportunity to file an amended complaint. However, if the Court finds that the deficiencies cannot be fixed, the Court may

---

[1] *See* 28 U.S.C. § 1654 (permitting parties in federal court to represent themselves or be represented by an attorney, subject to the court's rules); Local Civil Rule 1.1(a)(3) ("All parties, including self-represented parties, must comply with these Local Rules and the Federal Rules of Civil Procedure. References in these rules to "counsel" or "attorneys" also refer to self-represented parties."). *See also* U.S. Courts, Federal Rules of Civil Procedure, https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure; U.S. District Court for the District of Alaska, Local Rules and Orders, https://www.akd.uscourts.gov/court-info/local-rules-and-orders/local-rules.

[2] *See, e.g., Lopez v. Smith*, 203 F.3d 1122, 1126 & n.7 (9th Cir. 2000), *overruled in part on other grounds by Peralta v. Dillard*, 744 F.3d 10 76 (9th Cir. 2014) (en banc).

[3] *Calhoun v. Stahl,* 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners[.]"). *See also Denton v. Hernandez,* 504 U.S. 25, 30 (1992) (recognizing Congress's concern that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits").

dismiss the case without any further notice to the plaintiff, or it may give the plaintiff an opportunity to voluntarily withdraw the complaint.[4]

If the Court finds that plausible claims exist in the complaint, then the case can proceed to the next stage of litigation. The Court will then issue an Order Directing Service and Response that will explain the requirements of completing service of a Court-issued summons and a copy of the complaint on each opposing party. The complaint must not be served on any opposing party until the Court so orders. All service must be completed in compliance with Rule 4 of the Federal Rules of Civil Procedure.

Until a Screening Order has been issued, the Court discourages the filing of any motions or additional documents with the Court. The Court cautions that filing unnecessary motions or other documents or attempts to serve other parties without guidance from the Court, may result in the summary denial of motions, orders prohibiting such filings, or delay in the litigation.

Litigants are strongly encouraged to be cautious when using Artificial Intelligence (AI) tools. Use of AI does not alleviate a party's responsibility for making sure that all facts and legal authorities cited in court filings are accurate and comply with Rule 11 of the Federal Rules of Civil Procedure. Failure to do so may result in sanctions, including dismissal of this action.[5]

---

[4] *Hartmann v. California Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile.").

[5] Under Rule 11 of the Federal Rules of Civil Procedure, when a party, including one who is self-

**IT IS THEREFORE ORDERED:**

1. Self-represented litigants are expected to review and comply with the Federal Rules of Civil Procedure, the Local Civil Rules, and all Court orders.[6] Failure to do so may result in the imposition of sanctions authorized by law, including dismissal of this action.

2. Self-represented litigants must be ready to diligently pursue the case to completion. Missing a deadline or otherwise failing to pursue a case may result in the dismissal of this action.

3. At all times, Plaintiff shall promptly update his contact information in this case by filing by filing a Notice of Change of Address. Plaintiff may use the Court's Form PS23,[7] or he may file a document titled "Notice of Change of Address" that clearly states his new mailing address and its effective date. The Notice must not include requests for any other relief. Failure to keep a current

---

represented, files a pleading, written motion, and other paper with the Court, he certifies "that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances. . . the legal contentions are warranted by existing law or nonfrivolous argument" and "the factual contentions have evidentiary support."

[6] *See* 28 U.S.C. § 1654 (permitting parties in federal court to represent themselves or be represented by an attorney, subject to the court's rules); Local Civil Rule 1.1(a)(3) ("All parties, including self-represented parties, must comply with these Local Rules and the Federal Rules of Civil Procedure. References in these rules to "counsel" or "attorneys" also refer to self-represented parties."). *See also* U.S. Courts, Federal Rules of Civil Procedure, https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure; U.S. District Court for the District of Alaska, Local Rules and Orders, https://www.akd.uscourts.gov/court-info/local-rules-and-orders/local-rules.

[7] Although the Court provides forms that are required for certain filings, the Court does not require a specific form to update an address. However, a Notice of Change of Address form, PS23, may be obtained from the Clerk of Court, if needed.

address on file with the Court may result in dismissal of this case without further notice to Plaintiff.

4. When the Court receives a filing from a self-represented litigant, the Clerk of Court will mail a self-represented plaintiff a Notice of Electronic Filing ("NEF") that indicates when the document was filed and the docket number of the document in the electronic case file for the case.

5. All litigants are responsible for keeping copies of everything filed with the Court. As a courtesy, the Clerk's Office will keep original filings from self-represented litigants, including exhibits, for 180 days from the date the document was filed. However, litigants should not send important original documents or documents that cannot be replaced to the Court. If an original must be returned, a Motion for Return of Document should be filed as soon as possible.

6. Copies of documents filed with the Court may be obtained from the Clerk's Office for $0.50 per page.[8] There is no charge for viewing case information or documents at courthouse public access terminals. Documents printed from the public access kiosk cost $0.10 per page. Litigants also may set up their own account for online access to electronic records through the Public Access to Court Electronic Records (PACER) service. If a plaintiff chooses to access court records electronically through PACER, the fee is $0.10 per page retrieved, and the charge

[8] Alaska Local Civil Rule 79.2(b). *See also* 28 U.S.C. § 1914, Judicial Conference Schedule of Fees at ¶ 4(a).

for any single document has a cap of $3.00, which is equivalent to 30 pages.[9] PACER does not charge for access until an account holder accrues charges of more than $30.00 in a quarterly billing cycle.[10] In the event of special circumstances or serious financial need, a litigant may ask the copying costs to be waived or reduced, but must do so prior to accruing charges.[11]

7. All case-related inquiries should be directed to the Clerk's Office. It is not permissible to write, telephone, or otherwise try to directly communicate with the judge assigned to this case. Litigants may contact the Clerk's Office for questions regarding Court procedures or assistance accessing legal forms and resources. Please note that Clerk's Office staff are prohibited by law from providing legal advice.

8. The Clerk of Court is directed to send the District Court's handbook, "REPRESENTING YOURSELF IN ALASKA'S FEDERAL COURT" with this order.

DATED this 22nd day of September, 2026, at Anchorage, Alaska.

*<u>/s/ Aaron Christian Peterson</u>*
AARON CHRISTIAN PETERSON
UNITED STATES DISTRICT JUDGE

---

[9] PACER, *Electronic Public Access Fee Schedule,* https://www.uscourts.gov/services-forms/fees/electronic-public-access-fee-schedule (last accessed Jan. 21, 2026).

[10] PACER, *Pricing Frequently Asked Questions,* https://pacer.uscourts.gov/help/faqs/pricing (last accessed Jan. 21, 2026).

[11] PACER, *Options to Access Records if You Cannot Afford PACER Fees*, https://pacer.uscourts.gov/my-account-billing/billing/options-access-records-if-you-cannot-afford-pacer-fees (last accessed Jan. 21, 2026).